**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:20CV-P199-GNS**

**JOSHUA E. BRANDON**                                                                      **PLAINTIFF**

**v.**

**STEPHEN HARMON** *et al.*                                                   **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Joshua E. Brandon filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I. SUMMARY OF COMPLAINT**

Plaintiff is a convicted inmate at the Warren County Regional Jail (WCJR). He sues the WCRJ and WCRJ Jailer Stephen Harmon in his official capacity. Plaintiff states, "The overcrowding in the jail is going too far." He maintains that the WCRJ is not in compliance with Kentucky Jail Standards. He states, "We have 18 men in this small cell. I've pee'ed on my self cause of the wait to use the bathroom. I stand or sit on the floor to eat." He states that "its a health hazerd because we cant follow rules and standerds set to help keep safe from COVID-19."

Plaintiff reports that he has been waiting to be shipped to a prison for eight months. He states that he cannot get any work credit or "do programs to better my chances at making parole, to better my self, and to shorten my time." He states, "My charges came from me overdosing and drug use and I could be getting help . . . ."

As relief, Plaintiff seeks injunctive relief in the form of being "shipped to prison, paroled to treatment or move some place I can get work credits and programs and adaquate room."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### *A. Overcrowding*

The Eighth Amendment's Cruel and Unusual Punishments Clause protects prisoners from the "'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). While the Constitution "does not mandate comfortable prisons," the Eighth Amendment requires prison officials to provide inmates with humane conditions of confinement, including "adequate food, clothing, shelter, and medical care, and . . . 'reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). However, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

"[O]vercrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). To allege extreme deprivation to support a viable prison-overcrowding claim, an inmate must allege that the overcrowding results in "deprivations denying 'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Plaintiff has failed to allege conditions rising to the level of an Eighth Amendment violation. *See Agramonte*, 491 F. App'x at 559-60 (finding that plaintiff's allegations that the number of toilets, showers, wash basins, and showers had not increased with the increased population, that there were lines to use the bathrooms and showers, and that there were no comfortable places to sit failed to state an

overcrowding claim because plaintiff failed to allege an unconstitutional denial of basic needs); *Keeling v. Louisville Metro Corr. Dep't*, No. 314-CV-P697-DJH, 2015 U.S. Dist. LEXIS 69415, at *4-5 (W.D. Ky. May 29, 2015) (finding that plaintiff's allegations that the cell pods are crowded and that there was fighting over toiletries, soap, seating, and beds are not deprivations of the minimal civilized measure of life's necessities and, therefore, failed to state a claim upon which relief may be granted).

Accordingly, Plaintiff's claims related to overcrowded jail conditions must be dismissed for failure to state a claim upon which relief may be granted.

### B. Housing in county facility

Plaintiff's claims concerning being housed in a county facility instead of a state prison also fail to state a constitutional claim. An inmate does not enjoy a constitutional right to be housed in any particular facility or a particular part of a facility. *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that an inmate had a liberty interest in being transferred from a county facility to a state facility with less severe rules); *Silverburg v. Seeley*, No. 3:09CV-P493-R, 2009 U.S. Dist. LEXIS 119647, at *5 (W.D. Ky. Dec. 23, 2009) ("Plaintiff has no constitutional claim related to being housed in a county rather than in a state facility.").

Likewise, prisoners do not have a constitutional right to participate in particular rehabilitative or vocational training programs. *Rhodes*, 452 U.S. at 348; *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (explaining that prisoner classification and eligibility for rehabilitation programs are not subject to constitutional protections); *Griffin v. Kallen*, No. 84-1859, 1986 U.S. App. LEXIS 19203, at *4 (6th Cir. Apr. 16, 1986) ("[P]risoner has no

constitutional entitlement to a particular classification or to any particular eligibility for rehabilitative programs.").

For these reasons, Plaintiff's claims concerning being housed in a county facility without access to rehabilitative programs must be dismissed for failure to state a claim upon which relief may be granted.

### C. Request for transfer or parole

Finally, Plaintiff seeks injunctive relief in the form of a transfer to a state prison or release on parole. This Court does not have the authority to supervise the assignment of inmates to particular institutions. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976). A federal court only has the authority to order a state to transfer a prisoner in the rare and extreme situation where an inmate's life is in imminent or grave danger. *See Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983); *Streeter v. Hopper*, 618 F.2d 1178, 1182 (5th Cir. 1980). Plaintiff's allegations do not suggest such a rare and extreme situation. Moreover, release on parole is not an available form of relief under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Therefore, Plaintiff's request for a transfer or release on parole will be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: April 22, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Warren County Attorney
4416.010